# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| STEVEN F. HOTZE, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:20-cv-2104 |
| | ) | |
| GOVERNOR GREG ABBOTT, | ) | |
| In his individual capacity, | ) | |
| THE STATE OF TEXAS, | ) | |
| TEXAS HEALTH AND HUMAN | ) | |
| SERVICES COMMISSION | ) | |
| (Texas DSHS), | ) | |
| PHIL WILSON, | ) | |
| In his official capacity as Executive Direc | ) | |
| Texas DSHS, JOHN WILLIAM | ) | |
| HELLERSTEDT, MD | ) | |
| MD, | ) | |
| In his official capacity as Commissioner | ) | |
| of the Texas DSHS, MAYOR | ) | |
| SYLVESTER TURNER, In his official | ) | |
| capacity as Mayor of the City of | ) | |
| Houston, Texas, and | ) | |
| HOUSTON FIRST | ) | |
| CORRPORATION | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | |

## BENCH BRIEF OF MAYOR SYLVESTER TURNER

Subject to Mayor Turner's filing his motion to dismiss, he files this Bench

Brief in Response to Plaintiffs' Emergency Motion for Temporary Restraining

Order ("Emergency Motion"), filed July 14, 2020. That application for relief,

virtually identical to the relief sought by Plaintiff Hotze and others – and twice denied in two different lawsuit in two different state courts, including the Texas Supreme Court -- *should be denied for a third time* for the following reasons:[1]

### RELEVANT FACTS

1.      This is a contract dispute and nothing else. Plaintiffs' allegations against Mayor Turner and Houston First arise out of the contract between Houston First and the Republican Party of Texas ("RPT") to hold the RPT's 2020 annual state convention in the George R. Brown Convention Center ('GRB") in Houston on July 16-18, 2020. *See* Turner Exhs. 1 & 2 (collectively "the Contract"). There is no other agreement or right for the RPT to use the GRB for its Convention. As the Supreme Court of Texas held in its opinion, issued on July 13, 2020, on the RPT petition for mandamus: "The [Republican] Party argues that it has constitutional rights to hold a convention and engage in electoral activities, and that is unquestionably true. *But those right do not allow it simply to commander the use of the [GRB].*" *In re Republican Party of Texas*, No. 20-0525, in the Supreme Court of Texas (July 13, 2020) (emphasis supplied),

---

[1] For brevity, Mayor Turner has not included citations to boilerplate requirements for injunctions, mootness, and other common legal defenses. Since this is not an evidentiary hearing, Mayor Turner has included only the relevant quotations from important documents without attaching those documents as exhibits. Should the Court wish to see those documents in their entirety, Mayor Turner's counsel will readily supply a copy. This approach should provide the court with a relatively short, self-contained, but complete roadmap to deciding this motion.

attached as Turner Exh. 3. *See also In re Hotze*, No. 20-0524, in the Supreme Court of Texas (July 13, 2020) (docket entry/no opinion), attached as Turner Exh. 4.

2.      It is undisputed that neither Mayor Turner nor any plaintiff here is a party to the Contract or RPT's legal representative. Consequently, Plaintiffs have no standing to assert any rights under the Contract and no injunctive relief here can force Mayor Turner to perform any action under it.

3.      It is also undisputed that, after it lost in the Supreme Court of Texas, lost after a t.r.o hearing in Judge Larry Weiman's court, *see* Order, dated July 9, 2020, attached as Turner Exh. 5, and lost after an evidentiary hearing in the 333d Judicial District Court of Harris County, *see* Order, dated July 13, 2020, attached as Turner Exh. 6, the RPT Executive Committee voted on July 13, 2020 to hold its convention virtually, eliminating the need for use of the GRB facilities. *See* Turner Exh. 6. It is undisputed that RPT meetings and other convention proceedings have already begun and are taking place virtually.

4.      The RPT is not a party to this action and no injunctive relief is sought against it that would force the RPT to reverse course and hold an in-person convention in the GRB instead. Consequently, this Court cannot order an in-person RPT convention to be held.  Indeed, if such an order could be entered, it would likely throw the ongoing, virtual RPT Convention into utter chaos.

5.     It is unlikely that the GRB facility could not be physically configured and prepared in time to be used for the RPT Convention even if this Court required Houston First to open that facility to the RPT.

6.     On July 7, 2020, Dr. David Persse, Director of Houston's EMS and Public Health Authority, sent a letter to Mayor Turner and Brenda Bazan, the President and CEO of Houston First, the organization that administers the GRB, that states:

> Just today, Dr. Tedros Adhanom Ghebreyesus, Director General of the World Health Organization (WHO) described the situation [with regard to COVID-19] as "…accelerating, and we have clearly not reached the peak of the pandemic." Furthermore, the WHO has been petitioned by over 200 scientists to consider changing the classification of the SARS Co-V-2 virus transmission from droplet to aerosol… *Aerosol transmission in a large indoor gathering can be expected to be considered a "super spreader" event.*
>
> [d]ue to the spike in COVID-19 cases, accompanied by a steady rise in hospitalizations since the lifting of the restrictions intended to contain the virus, **the risk of COVID-19 spreading at a large in-person gathering in Houston is high. A convention attended by thousands of people will be within the Highest Risk Event Category as it will be difficult (more likely impossible) to maintain social distancing and appropriate hygiene practices at a convention facility over multiple days attended by people from distant locations.**
>
> **The planned use of the George R. Brown for convention activities over the next month is a <u>clear and present danger to the health and well-being of convention attendees, workers, local hotel and restaurant owners and Houstonians because of the surging pandemic</u>.**

Emphasis supplied. Dr. Persse has testified in related proceedings that the aerosolization of the COVID-19 virus is a "game-changer" because it may render ordinary efforts to contain its spread, such as the use of masks and social distancing, ineffective.

7.      The Contract, executed in 2017, contains a *force majeure* clause that states in relevant part:

> Either party may terminate this Agreement or suspend its obligation thereunder due to Force Majeure to the extent that ***such occurrence is beyond the reasonable control*** of the party whose performance is effected on such affected party's giving notice and full particulars to the other party of such Force Majeure as soon a practicable, but no later than 7 calendar days after the occurrence ***of the cause relied upon***.

*See* Turner Exh. 1 (emphasis supplied).

8.      When the COVID-19 pandemic was declared, the parties voluntarily added the following amendment:

> For the avoidance of doubt, the parties acknowledge and agree that the following occurrences are within the scope and definition of Force Majeure under Section 12 of the Agreement: Pandemics affecting Houston or preventing use and occupancy of the Facility; and orders materially and substantially restricting the size of gatherings at the Facility issued by the Mayor of the City of Houston, Governor of the State of Texas, or the President of the United States, issued withing 30 days of the Event.

*See* Turner Exh. 2.

9.      On July 8, 2020, Mayor Turner wrote to Brenda Bazan,[2] attaching

Dr. Persse's letter, in which he stated:

> According to the Houston Health Authority, Dr. David Persse, the
> planned use of the GRB as a convention this month threatens the
> health, safety and welfare of those attending and working at the
> convention, and all others who would be exposed to them. I attach
> a letter from him …
>
> ***HFC should exercise its contract rights to cancel the State Republican
> Party Convention due to the pandemic***.

Emphasis supplied. Because he is not a contracting party, Mayor Turner had no

authority to exercise the *force majeure* clause himself.

10.     By letter, dated July 8, 2020, CEO Bazan gave notice to the RPT

that Houston First was exercising it contractual right to declare a condition of

*force majeure* and terminating and excusing performance under the Contract. The

letter primarily relied on Dr. Presse's July 7 letter that indicated that any large

event in the GRB at this point represents "a clear and present danger to the

health and well-being of convention attendees, workers, local hotel and

restaurant owners and Houstonians."

11.     The day after Houston First exercised its contract rights, Steven

Hotze and others who are also plaintiffs here filed a lawsuit alleging claims

---

[2] On July 2, 2020, Governor Abbott had also amended his prior order No. GA-28 to state
that, for interior gatherings in the State, "people *shall not* be in groups larger than ten . . . ."
Six thousand delegates were expected at the RPT Convention. *See* Turner Exh. 6.

virtually identical to those asserted here, but under the Texas Constitution. The RPT also filed a separate lawsuit alleging breach of contract. The lawsuits were combined for purposes of hearing the applications for temporary restraining orders that both plaintiffs filed.

12.    On Thursday, July 9, Judge Larry Weiman, then ancillary judge, denied both applications but set an evidentiary hearing on the application for temporary injunction. *See* Turner Exh. 4. At the time, he consolidated the lawsuits in the 333rd District Court; however, since then, the Judge of the 165th Court has asserted jurisdiction over the Hotze lawsuit and set a separate temporary injunction hearing for the Hotze plaintiffs later in the week. Consequently, the 333rd Court only considered the RPT lawsuit.

13.    When the Hotze plaintiffs first application was denied, both they and the RPT filed original actions in the Texas Supreme Court that essentially duplicated the claims for relief sought in the ancillary court and sought here. The Supreme Court denied relief in both cases by order and docket entry, dated July 13, 2020. *See* Turner Exh. 3.

14.    Although the judge of the 165th Judicial District Court had set a hearing for July 23, she offered the Hotze plaintiffs the opportunity to have an evidentiary hearing for a temporary injunction during the weekend of July 11 and 12. They declined that offer.

15.     After holding an evidentiary hearing, the Judge Daryl Moore found:

> *Houston First adduced evidence that it complied with the notice provision of the Force Majeure Clause when it sent notice of July 8, 2020*, which was within seven days of (1) Governor Abbott's order limiting gatherings of more than 10 people; and (2) receiving Dr. Persse's letter warning of the potential for aerosol transmission, the convention's becoming a super-spreader event, that it would be "likely impossible" to maintain social distancing and appropriate hygiene practices, and that the convention would pose a "clear and present danger" not just to convention attendees but also to Houstonians.

*See* Turner Exh. 6 (emphasis supplied).  Because Plaintiffs are not parties to the Contract, have no rights in it, and cannot seek judicial interpretation of these provisions here or anywhere else, they are bound by this determination.

## GROUNDS FOR DENYING THE TEMPORARY RESTRAINING ORDER

### *JURISDICTIONAL GROUNDS*

1.     *Plaintiffs' purported constitutional claims are moot*. This Court may take judicial notice that the RPT Convention has not been cancelled. It is undisputed that the Republican Convention is going forward *now* virtually and that the RPT will not be utilizing the GRB. Plaintiffs' claims and relief, however, are all premised on the idea that the RPT Convention has been cancelled in its entirety.  Because the only relief Plaintiffs seek against Mayor Turner and Houston First is an injunction preventing them "from cancelling the Texas Republican Convention," *see* Plaintiffs' Emergency Motion for Temporary

Restraining Order" ("Plaintiffs' Motion") at 14, Plaintiffs' purported claims are moot.[3]

2.     ***Alternatively, Plaintiffs' claims, if any, are not ripe.*** Unless Plaintiffs can show that Mayor Turner or Houston First have cancelled the 2020 RPT state convention in its entirety, Plaintiffs will not suffer a constitutional violation here by their own measure.

3.     ***Plaintiffs lack standing to assert their purported constitutional claims.***

- The Texas Supreme Court has held that there is no constitutional right under the Texas Constitution to "commandeer" a particular venue like the GRB for speech and assembly purposes.  *See* Turner Exh. 3.

- Plaintiffs have not pleaded, identified, or demonstrated any such right under the *U.S.* Constitution. There is none.

- It is undisputed that no plaintiff is a party to Houston First's contract with the RPT and none is RPT's legal representative. Consequently, Plaintiffs have no right to assert the RPT's rights under the Contract.

- Plaintiffs have not pleaded and cannot demonstrate that they are third-party beneficiaries of the Contract, entitled to enforce it.

  o   Plaintiff do not meet the requirements to be considered one of the two types of third-party beneficiaries Texas law, which governs here, recognizes: donee beneficiaries and creditor beneficiaries. *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex.

---

[3] At the time they filed their lawsuit, Plaintiffs, some of whom are RPT officials, knew or should have known that the RPT Convention would proceed virtually. Despite such knowledge, they proceeded to amend their pleadings to add Mayor Turner and Houston First and filed an emergency motion without any factual basis.

1999). ***Plaintiffs are not donee beneficiaries*** because the performance allegedly promised by Houston First will, when rendered, not come as a pure donation but will be made in exchange for the payment by the GOP pursuant to its contract with Houston First. *See id.*

o ***Plaintiffs are not creditor beneficiaries*** because Houston First owed them no legal duty, indebtedness, or contractual obligation. *See id.* The Contract did not express any intent to confer a benefit on Plaintiffs or an intent that they possess the right to enforce the Contract. *See MJR Corp. v. B & B Vending Co.*, 760 S.W.2d 4, 16 (Tex. App.–Dallas 1988, writ denied).

o ***Plaintiffs, are, at most, only incidental beneficiaries*** of the Contract. Under Texas law, "***an incidental beneficiary acquires no right either against the promisor or the promisee*** by virtue of the promise." *See Tawes*, 340 S.W.3d at 425 (quoting 13 Williston on Contracts § 37:19, at 124-25 (4th ed. 2000)) (emphasis supplied).

• ***Plaintiffs have not pleaded or shown any injury "fairly traceable" to any illegal conduct by Mayor Turner*** or Houston First. Neither deprived any plaintiff of participation in the RPT Convention. Plaintiffs' alleged constitutional injuries flow from the alleged cancellation of the entire GOP Convention, something that has not occurred.

### PLAINTIFFS CANNOT MEET THE REQUIREMENT FOR A TEMPORARY RESTRAINING ORDER

1. ***Plaintiffs cannot show a substantial likelihood of success on the merits.***

Plaintiffs have not asserted any viable claims against Mayor Turner.

• Plaintiffs effectively seek specific performance of a contract to which Mayor Turner is indisputably not a party.

• Turner, therefore, had no authority to exercise contract provisions that would have the effect of cancelling the Contract.

- o Plaintiffs make no allegation that any order Turner signed or other official action he took caused Plaintiffs harm in any way or gives rise to any claim against him.

- o Plaintiffs have not asserted any cause of action specifically challenging any official act or order by Mayor Turner.

- Mayor Turner did nothing more than suggest that Houston First exercise its contract rights, but issued no order requiring it to do so.

- Because he did not act under Section 418.101 and his suggestion to Houston First was not connected to any disaster declaration, the provision does not apply and its alleged illegality is not at issue here.

2. ***Plaintiffs cannot show a substantial threat of irreparable harm.*** Plaintiffs have not and cannot show that the RPT Convention has been cancelled, the basis for Plaintiffs' alleged injuries.

- It is undisputed that the RPT Convention is proceeding online.

- The RPT's Chairman admitted that "***If we have to go online, safe, local gatherings absolutely may be organized*** so that while Convention business and electronic voting is being conducted with online systems, ***we can enjoy being with fellow delegates***."

- There will be little disruption if the convention takes place online. The RPT website reassures attendees that, "if we must move to our online contingency plan, ***the schedule will remain intact***." (emphasis supplied).

- Should this Court hold for the first time that necessitating virtual meetings instead of in-person ones amounts to a constitutional deprivation, there will be a pandemic ***of lawsuits*** over the next 18 months brought by every disappointed Zoomer.

- This Court may ***take judicial notice that political party conventions can be held successfully and virtually***. The Texas Democratic Party has already held its completely virtual convention and the Democratic national Convention is to be held online. In addition, part of the

11

RPT and most of the elected officials' speeches were already scheduled to take place online.

- Under its contract, the **RPT has an obligation to mitigate its damage***s*. That duty includes the obligation to make contingency plans in the event the RPT or Houston First exercised its right to declare *force majeure.*

3.  ***Plaintiffs cannot show that the threatened injury to any plaintiff outweighs the threatened harm to the defendant or that the granting of the preliminary injunction will not disserve the public interest.*** *See, e.g., Clark v. Prichard,* 812 F.2d 991, 993 (5th Cir.1987).

- In considering the balance of harms this Court could consider the evidence outlined above and well as additional evidence that may be provided by Dr. Persse: that the incremental difference between an in-person convention and a virtual one is not outweighed by the significant danger of spreading an increasingly infectious, pandemic, aerosolized disease across the state and/or overwhelming Houston's hospitals, which are already operating above capacity and in surge mode*.*

## *PROCEDURAL IMPEDIMENTS*

1.  ***Plaintiffs have improperly joined Mayor Turner in this existing lawsuit.*** There is no COVID-19 MDL and this Court should not effectively create one.

- Under Fed. R. Civ. P. 21, joinder of new parties  in one action is proper only if a)  rights are asserted against them jointly arising our of "the same transaction, occurrence, or series of transactions and occurrences," and  b) "any question of law or fact common to all defendants will arise in the action."

- Plaintiffs have not attempted to meet that standard here.

- The original lawsuit addressed Governor Abbott's executive orders concerning contact tracing and the like.

- Plaintiffs' claim against Mayor Turner and Houston First involve the exercise of a contract provision.

- Having failed to obtain relief from two other courts, Plaintiffs have simply gone forum shopping. That is improper.

Plaintiffs' Motion for Temporary Restraining Order should be denied.

Respectfully submitted,

RONALD C. LEWIS
CITY ATTORNEY
Suzanne R. Chauvin
Chief, General Litigation Section


_____/s/ Brian Amis_____
Brian A. Amis
Senior Assistant City Attorney
Texas Bar No. 24040424
S.D. Tex. No.___
brian.amis@houstontx.gov
Collyn A.Peddie
Senior Assistant City Attorney
Texas Bar No.: 15707300
S.D. Tex. No. 873
Telephone:  832.393.6463
collyn.peddie@houstontx.gov
Pierre Grosdidier
Senior Assistant City Attorney
Texas Bar No.: 24059866
Telephone:  832.393.6475
pierre.grosdidier@houstontx.gov
900 Bagby, 4th Floor

13

Houston, Texas 77002
832.393.6464
832.393.6259 (facsimile)

*Attorneys for Defendant Mayor Sylvester Turner*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2020, a copy of the foregoing was served

on the following named counsel as allowed by Rule 21a, Texas Rules of Civil

Procedure.

Jared R. Woodfill
Woodfill Law Firm, P.C.
3 Riverway, Suite 750
Houston, Texas 77056
713.751.3080
713.751.3058 (fax)
woodfillservice@gmail.com (service)
jwoodfill@woodfilllaw.com (non-service)

*Attorney for Plaintiffs*

/s/ Brian Amis

Brian Amis
