IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| STEVEN F. HOTZE, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:20-cv-2104 |
| | ) | |
| GOVERNOR KGREG ABBOTT, | ) | |
| In his individual capacity, | ) | |
| THE STATE OF TEXAS, | ) | |
| TEXAS HEALTH AND HUMAN | ) | |
| SERVICES COMMISSION | ) | |
| (Texas DSHS), | ) | |
| PHIL WILSON, | ) | |
| In his official capacity as Executive Dir | ) | |
| Texas DSHS, JOHN WILLIAM | ) | |
| HELLERSTEDT, MD | ) | |
| In his official capacity as mayor of the | ) | |
| City of Houston, Texas, and | ) | |
| HOUSTON FIRST | ) | |
| CORRPORATION | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT EMERGENCY MOTION TO DISSOLVE PRELIMINARY
INJUNCTION, AND MOTION TO STAY PRELIMINARY
<u>INJUNCTION</u>**

Subject to later filed motions to dismiss, Petitioners Sylvester Turner and

Houston First Corporation ("Houston First") jointly move to dissolve this

Court's preliminary injunction, dated July 19, 2019, and to stay that preliminary

injunction pending resolution by the Fifth Circuit.

1

## *MOTION TO DISSOLVE*

**I. The Court's Order Is Void Because It Was Issued Without Any Notice and Does Not Comply with Rule 65**

Defendants object to the Court's issuance of a purported preliminary injunction without notice. It is undisputed that Defendants Houston First and Turner received no notice at all of any preliminary injunction hearing in violation of Fed. R. Civ. P. 65(a)(1). Advance notice is critical because a trial court has the ability to consolidate a preliminary injunction hearing and trial on the merits. *See* Fed. R. Civ. P. 65(a)(2). **Compliance with notice provisions is, therefore, mandatory**. *Parker v. Ryan*, 960 F.3d 543, 544 (5th Cir. 1992). That fact alone renders this Court's July 17 order improper and void and requires its immediate dissolution. *Williams v. McKeithen*, 939 F.2d 100, 1005-06 (5th Cir. 1991). Notice *of another proceeding* does not suffice.

Yet, even if Defendants had received notice of a preliminary injunction hearing on July 17, the U.S. Supreme Court has held that preliminary injunctions cannot be issued on the *same-day notice* given here with regard to the motions for temporary restraining order/motion to reconsider.[1] As a matter of

---

[1] *See* Fed. R. Civ. P. 65(a)(1); *Williams*, 939 F.3d at 1105-06. As the Supreme Court held in *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 433 n. 7 (1974): "[t]his informal, same-day notice, desirable though it may be before a restraining order is issued, *is no substitute for the more thorough notice requirements which must be satisfied to obtain a preliminary injunction of potentially unlimited duration …*" (emphasis supplied); In that case, as in this one, there was some confusion as to the Court's action. It explained:

law then, there can be no "fair opportunity to oppose the application and to prepare for such opposition" when, as here, there was no indication that the Court was even considering a preliminary injunction until *after* it had purported to rule, notice *of another proceeding* was all that is given, and even that notice came on the same day, within just hours, of the hearing.

It is undisputed that, when this Court held its temporary restraining order hearing/motion for reconsideration of the denial of a temporary restraining order on July 17, leave had not been granted to add the Republican Party of Texas ("RPT"), leave was never sought or granted at the July 17 hearing. Plaintiffs' amended pleadings purporting to add the RPT had barely been on file *twelve hours*. Defendants had barely *four hours' notice* of the July 17 hearing on the temporary restraining order.[2]

It is also undisputed that the only relief Plaintiffs ever sought at any hearings conducted since Defendant Turner and Houston First were hastily added to the underlying lawsuit last week was an ***emergency temporary restraining***

---

"the notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a *fair opportunity to oppose the application and to prepare for such opposition.*" *Id.* at 44, n.7 (emphasis supplied).

[2] Counsel for Plaintiffs represented to counsel for Houston First, on June 15, after the district court denied his clients a temporary restraining order the first time, that Hotze and other respondents did not intend to appeal or make any other efforts to seek relief and it was, therefore, safe for counsel to leave town on a scheduled vacation. Consequently, Mr. Holloway was not even able to be present in the courtroom for the district court's July 17 hearing.

*order*. Plaintiffs' emergency motion to reconsider was of *the denial of a temporary restraining order*. They never filed any motion for entry of a preliminary injunction.

***Consequently, Defendants Turner and Houston First were never given any advance notice that the July 17 emergency hearing would involve the entry of a preliminary injunction***. This Court should, therefore, dissolve its preliminary injunction since it was issued in violation of federal law.

## II. The Court's Order is Moot Because Houston's First's Obligations under the Contract with the Republican Party, if Any Remain, Have Expired by Their Own Terms

It is undisputed that Houston First's contractual obligation to rent and provide convention services the RPT, if any remained, expired by the Contract's own terms on July 18. Consequently, the Court's order is moot as to these obligations. In addition, the Court purports to prevent Houston First from terminating its Contract with the RPT when such contract was previously terminated.

The only portion of the Court's order that is arguably not moot is the new obligations, found nowhere in the parties' contract, that the Court imposed *sua sponte* and would enforce by contempt. They address a purported second convention that may never take place and that has no constitutional implications, if any rental agreement ever did.

4

According to news reports, the statutorily required portions of the Republican Convention have been completed and all general sessions have been adjourned. What remains, if anything, are meetings which cannot have any constitutional dimension.

Most important, even if they somehow did, this Court has no legal authority to draft a new, commercial contract for the parties and seek to enforce compliance with that compelled, commercial "agreement" by contempt. Despite the specific requirements of Rule 65, this Court has not identified the source of any such power or otherwise explained the reasons for its ruling even though it is expressly required to do so. More important, it has not specified in the Order the terms of the purported new contract.

Plaintiffs have filed no pleading in this lawsuit that alleges breach of contract or any other claims that would require this Court to construe, write, or rewrite the contract between Houston First and the RPT. Consequently, because this Court has no authority to impose a mandatory, future commercial agreement on any party, the construction of the parties' contract is not before this Court, and the existing obligations, if any, of Houston First are moot. Consequently, the Court's order is moot and should be dissolved.

***These are not the only flaws with this Court's order. It is improper legally and jurisdictionally and Houston First and Turner will assert these flaws in their motions***

*to dismiss, to which this filing is subject.* Turner has already raised fatal problems with such an order in its Bench Brief filed on July 15. However, these are two main reasons why this particular order should be immediately dissolved.

### *ALTERNATIVELY, MOTION TO STAY*

Alternatively, and subject to the parties' motion to dismiss, for all of the reasons set forth above and in Defendants' joint motion to stay, filed in the Fifth Circuit and in this Court on July 17, and because this Court's order fails to comply with any essential requirement of Rule 65, this Court should stay its preliminary injunction until the Fifth Circuit has had an opportunity to resolve Defendants' challenges.

### PRAYER

Subject to later filed motions to dismiss, Petitioners Sylvester Turner and Houston First jointly ask this Court to enter an order dissolving this Court's preliminary injunction, dated July 19, 2019, or, alternatively, staying this Court's preliminary injunction pending resolution by the Fifth Circuit.

Respectfully submitted,

**CITY OF HOUSTON LEGAL DEPARTMENT**

By: */s/ Brian Amis*
RONALD C. LEWIS
City Attorney
State Bar No. 12305450
ronald.lewis@houstontx.gov
Suzanne Chauvin
Chief, General Litigation Section
State Bar No. 04160600
suzanne.chauvin@houstontx.gov
Brian A. Amis
Senior Assistant City Attorney
State Bar No. 24040424
brian.amis@houstontx.gov
Collyn A. Peddie
Sr. Assistant City Attorney
State Bar No. 15707300
collyn.peddie@houstontx.gov
Pierre Grosdidier
Senior Assistant City Attorney
State Bar No. 24059866
pierre.grosdidier@houstontx.gov
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6464 – Telephone
832.393.6259 – Facsimile

*Attorneys for Defendant*
*Mayor Sylvester Turner*

>Gregory Holloway
>Leah M. Homan
>TAYLOR, BOOK, ALLEN & MORRIS LLP
>1221 McKinney, Suite 4300
>Houston, Texas 77010
>gholloway@taylorbook.com
>lhoman@taylorbook.com
>
>***Attorneys for Defendant***
>***Houston First Corporation***

## CERTIFICATE OF CONFERENCE

I certify that I have attempted to confer [or other appropriate] with Jared Ryker Woodfill, by email on July 20, 2020, but counsel has not responded to my attempts.

>*/s/ Brian Amis*
>Brian A. Amis

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2020, a copy of the foregoing was served on the following named counsel as allowed by Rule 21a, Texas Rules of Civil Procedure.

**ATTORNEYS FOR PLAINTIFFS:**

Jared Ryker Woodfill
Woodfill Law Firm, P.C.
3 Riverway, Suite 750
Houston, Texas 77056

8

713.751.3080
713.751.3058 (fax)
Email: jwoodfill@woodfilllaw.com

**ATTORNEYS FOR DEFENDANTS:**

Todd Dickerson
Office of the Attorney General of Texas
300 W 15th Street
11th Floor, Mc-019
Austin, TX 78701
52-475-4082
Email: todd.dickerson@oag.texas.gov

**OTHER COUNSEL:**

Tyler B. Talbert
Benjamin C. Yelverton
SCANES & ROUTH, LLP
7901 Fish Pond Road, Suite 200
Waco, Texas 76702
talbert@scanesrouth.com
yelverton@scanesrouth.com

Warren Norred
C. Chad Lampe
NORRED LAW, PLLC
515 East Border Street
Arlington, Texas 76010
wnorred@norredlaw.com

Kevin Fulton
Briscoe Cane
FULTON STRAHAN LAW GROUP,
 PLLC
7676 Hilmont Street, Suite 191
Houston, Texas 77040

9

kevin@fultonstrahan.com
briscoe@fultonstrahan.cm

Wade Emmert
REPUBLICAN PARTY OF TEXAS
211 East 7th Street, Suite 915
Austin, Texas 78701
counsel@texasgop.org

                                             */s/ Brian Amis*
                                             Brian A. Amis