IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| STEVEN F. HOTZE, ET AL. § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | |
| § | |
| GOVERNOR GREG ABBOTT, in his official § | CIVIL ACTION NO. 4:20-CV-2104 |
| capacity, THE STATE OF TEXAS, TEXAS § | |
| HEALTH AND HUMAN SERVICES § | |
| COMMISSION (TEXAS HHSC), TEXAS § | |
| DEPARTMENT OF STATE HEALTH § | |
| SERVICES (TEXAS DSHS), PHIL WILSON, § | |
| in his official capacity as Executive Director § | |
| of Texas DSHS, JOHN WILLIAM, § | |
| HELLERSTEDT, M.D., in his official capacity § | |
| as Commissioner of the Texas DSHS, § | |
| MAYOR SYLVESTER TURNER, in his § | |
| official capacity as Mayor of the City of § | |
| Houston, Texas, and HOUSTON FIRST § | |
| CORPORATION § | |
| § | |
| Defendants. § | |

**DEFENDANT HOUSTON FIRST CORPORATION'S MOTION TO DISMISS PLAINTIFFS STEVEN F. HOTZE, ET AL. AND REPUBLICAN PARTY OF TEXAS' COMPLAINT FOR DECLARATORY JUDGMENT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant, HOUSTON FIRST CORPORATION ("Houston First"), files this Motion to Dismiss Plaintiffs', Steven F. Hotze, et al. ("Hotze Plaintiffs") and Republican Party of Texas ("RPT"), Declaratory Judgment Action pursuant to Federal Rule of Civil Procedure 12(b)(1), the Declaratory Judgment Act, 28 U.S.C. §2201(a), the Anti-Injunction Act, 28 U.S.C. §2283, and principles of comity, federalism, and abstention.

A.     **Procedural Posture of Case and Relevant Facts.**

1.     The Hotze Plaintiffs and RPT bring this declaratory judgment action seeking a judicial declaration that Houston First "in canceling the Texas Republican Convention violates the First Amendment to the United States Constitution because the action violates Plaintiffs' freedom of expression." (Dkt. No. 5, p. 124, ¶ 1427).

2.     Counts V, VI, VII, VIII, of Plaintiff's First Amended Complaint, the only complaint before the Court at its July 15, 2020 hearing on the Hotze Plaintiffs' Motion for Temporary Restraining Order, sought declaratory relief against Houston First for alleged violations of Hotze Plaintiffs' freedom of expression, freedom of association, denial of equal protection, and claims that Texas Government Code §418.01 violates the Texas Constitution. After this Court orally denied Hotze Plaintiffs' request for Temporary Restraining Order on July 15, 2020, the Hotze Plaintiffs sought to improperly add RPT as a plaintiff by amending their Complaint pursuant to a Motion to Amend filed July 17, 2020. (Dkt. No. 18; 18-1). Without consent of Houston First or leave of court, Hotze Plaintiffs filed Plaintiffs' Second Amended Complaint, which asserted the same request for declaratory relief for alleged constitutional violations of the U.S. and Texas Constitutions, but added the RPT as a Plaintiff. (Dkt. 19; BP 124 to 131). On July 17, 2020, Hotze Plaintiffs also filed an Emergency Motion for Reconsideration of the Denial of Plaintiffs' Emergency Motion for Temporary Restraining Order. With less than four (4) hours' notice, and Houston First's lead lawyer who represented Houston First at the July 15, 2020 hearing attending by telephone,[1] the Court orally granted the Hotze Plaintiffs' Motion for Reconsideration and announced an oral TRO/"Preliminary Injunction."

---

[1] Please see Motion for Gregory A. Holloway to Appear as Attorney by Houston First Corporation. (Dkt. No. 23).

Houston First filed a Joint Emergency Stay and Petition for Writ of Mandamus in the Fifth Circuit Court of Appeals. (Dkt. No. 31 and Dkt No. 32). On July 18, 2020, the Fifth Circuit granted a Temporary Stay, as to Houston First Corporation, of the District Court's TRO pending resolution of the Petition for Writ of Mandamus.

3. On July 20, 2020, the Clerk of this Court entered an "Order on Preliminary Injunction" signed and filed on July 19, 2020. The District Court's Order states:

a) "1. Houston First Corporation may not terminate its contract with the Republican Party of Texas to host its state convention at the George R. Brown Convention Center."

b) "2. The Contract is adjusted. The Party is to host its state convention at the Center on July 18-19, 2020. If necessary, the second-half of the convention may be held on July 24, 2020."

c) "3. No action against the governor is ordered and none is intended."

4. Since the July 17, 2020 hearing on Hotze Plaintiffs' Motion for Reconsideration on the Hotze Plaintiffs' Emergency Motion for Temporary Restraining Order, the Hotze Plaintiffs and the RPT have represented to the Fifth Circuit Court of Appeals that:

> "**II.  RESPONDENTS NO LONGER NEED TO RECONVENE THE CONVENTION.**
>
> After careful consideration, Respondents have determined that there is no need to reconvene the 2020 Texas State Republican Convention at the George R. Brown Convention Center. Accordingly, and in furtherance of judicial economy, Respondents respectfully suggest that this matter is now moot.
>
> Respondents appreciate the Court's consideration of, and the Court Clerk's office's hard work with respect to these important Constitutional issues." (Dkt. No. 43, Ex. A).

**B.     This Court Should Exercise its Discretion to Dismiss Houston First, as Parallel Litigation is Pending in State Court**

5.     A district court may choose to dismiss a declaratory judgment action brought pursuant to 28 U.S.C. §2201(a) by not exercising jurisdiction over it when parallel litigation is pending in state court, especially when this court does not have authority to grant declaratory relief under the Anti-Injunction Act, 28 U.S.C. §2283.

6.     In making a decision whether to dismiss, the Fifth Circuit has outlined three issues a federal district court must determine:

    a.     whether the declaratory judgment action is justiciable;

    b.     whether the court has authority to grant declaratory relief; and

    c.     whether the court should exercise its discretion to decide or dismiss the action.

7.     At the time the Hotze Plaintiffs sought to add Houston First, a private corporation with its own officers and board of directors, to its declaratory judgment action against the Governor of Texas and other state actors, RPT had a pending declaratory judgment action in the 333rd State District Court of Harris County, Texas under Cause No. 2020-40850, styled: *Republican Party of Texas v. City of Houston, Mayor Sylvester Turner, Houston First Corporation and Brendan Bazan*.  More importantly, at the time Hotze Plaintiffs sought to add the RPT as a party plaintiff seeking the declaratory relief referenced above, RPT had moved for, and had been denied, a TRO (July 9, 2020) and participated in a temporary injunction hearing (July 13, 2020) on the identical constitutional grounds asserted in this Court at the July 15, 2020 Temporary Restraining Order hearing and the July 17, 2020 hearing on Motion for

Reconsideration of the request for Temporary Restraining Order before this Court. (*See*, Exhibit A, Order Denying Temporary Injunction, and Exhibit B, Order Denying Temporary Restraining Order)

8. Moreover, the Hotze Plaintiffs and RPT have already filed an original proceeding in the Texas Supreme Court seeking a Mandamus, directing the City of Houston and Houston First "to perform their obligations in connection with the Convention, including performance of their contractual obligations, and performance of all legal obligations to ensure the free exercise of association and assembly." *In re Republican Party of Texas*, No. 20-0525, slip op. at 2-3 (Tex. July 13, 2020).[2] Before the Texas Supreme Court, the RPT invoked §273.061 of the Election Code, which gives the Texas Supreme Court jurisdiction to "issue a Writ of Mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer." TEX. ELEC. CODE §273.061. The Texas Supreme Court concluded that the RPT sought to compel Houston First to perform a duty imposed by contract, not imposed by "law," which was defined by §1.005(10) of the Election Code to mean "a constitution, statute, city charter, or city ordinance." *In re: Republican Party of Texas*, No. 20-0525, slip op. at 2-3 (Tex. July 13, 2020), The Texas Supreme Court found that "duty imposed by law" in §273.061 is limited to a duty imposed by a constitution, statute, city charter, or city ordinance. *See id.*

---

[2] *In re: Republican Party of Texas*, No. 20-0525, slip op. at 2-3 (Tex. July 13, 2020), *available at* http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersionID=7df06b5e-00d3-4989-b97d-cd2981963087&coa=cossup&DT=OPINION&MediaID=7e829936-8a42-4ce2-a129-23a25e0c1e1d

9. The RPT argued that it had constitutional rights to hold a convention and engage in electoral activities. *See id.* The Texas Supreme Court agreed that this assertion was unquestionably true. *See id.* But, "those rights do not allow it to simply commandeer use of the center." *See id.* The Texas Supreme Court concluded that "Houston First's only duty to allow the Party use of the center for its convention is under the terms of the Party's' Agreement, not a constitution." *See id.*

10. After notice and conducting an evidentiary hearing on the RPT's Motion for Temporary Injunction, Judge Daryl L. Moore, presiding judge of the 333rd Judicial District Court of Harris County, Texas, entered an order denying RPT's request for injunctive relief finding:

> After considering the testimony, the Court finds that Houston First adduced evidence that it complied with the notice provision of the Force Majeure clause when it sent the notice of termination on July 8, 2020, which was within seven days of: (1) Governor Abbott's order limiting gatherings of more than 10 people; and (2) receiving Dr. Persse's letter warning of the potential for aerosol transmission,[3] the convention's becoming a super-spreader event, that it would be "likely impossible" to maintain social distancing and appropriate hygiene practices, and that the convention would pose a "clear and present danger" not just to convention attendees, but also to Houstonians.
>
> The Court further finds that the evidence adduced supports Houston First's reliance on the Force Majeure clause as a legal basis to terminate the license with the RPT for its July convention at GRB.

C. **No Authority to Grant Declaratory Relief**

11. If the Court concludes that it has subject-matter jurisdiction over the dispute between the Hotze Plaintiffs and Houston First, and that this declaratory action is not moot as the RPT convention has completed its business and adjourned to a date to be determined likely after

---

[3] Dr. Persse testified that the potential for aerosol spreading was a "game changer." Dr. Armstrong – RPT's

6

July 24, 2020, the Court must still determine whether it has the authority to grant declaratory relief. Under the second element of the analysis, a district court does not have authority to consider the merits of a declaratory judgment action when:

    a.    the declaratory action plaintiff or defendant previously filed a cause of action in state court;

    b.    the state case involved the same issues as those in the federal court; and

    c.    the district court is prohibited from enjoining the state proceeding under the Anti-Injunction Act, 28 U.S.C. §2283.

    12.    Here, all three factors are met. The State Court proceeding has been pending since July 9, 2020. The State Court Judges, with jurisdiction of the parties and dispute, have considered a TRO, Mandamus relief in the Texas Supreme Court, and a Temporary Injunction evidentiary hearing ending in an Order and ruling made by State District Judge Daryl Moore, complete with findings of fact and conclusions of law, by the time the Hotze Plaintiffs and RPT began to seek the identical declaratory judgment relief in this action. The State Court has indeed wrestled with and resolved the identical declaratory judgment issues and claims for injunctive relief against Houston First involved in this declaratory action and will otherwise afford the parties' complete relief on the breach of contract cause of action and damages, if any, asserted by RPT in the State District Court proceeding. Because the Anti-Injunction Act would prohibit the Court from enjoining the State Court proceedings, the Hotze Plaintiffs and the RPT's request for declaratory judgment relief against Houston First in this Court should be dismissed.

---

expert – did not address the potential for aerosol transmission in his affidavit.

**D.	The Court Should Exercise its Discretion to Dismiss Based on Principles of Comity, Federalism, and Abstention**

13.	Even if the court had the authority to grant relief, it should exercise its discretion to dismiss this federal court declaratory judgment action. The Fifth Circuit in *St. Paul Ins. Co. v. Trejo*, 39 F. 3d 585, 590-591 (5th Cir. 1994), identified seven non-exclusive factors for this court to consider when determining whether to exercise discretion to assert its jurisdiction in a declaratory judgment action:

    a.	whether there is a pending state action in which all of the matters in controversy may be fully litigated;

    b.	whether the Plaintiff filed suit in anticipation of a lawsuit filed by the Defendant;

    c.	whether the Plaintiff engaged in forum shopping in bringing the suit;

    d.	whether possible inequities in allowing the declaratory Plaintiff to gain precedence in time or to change forums exists;

    e.	whether the federal court is a convenient forum for the parties and witnesses;

    f.	whether retaining the lawsuit would serve the purposes of judicial economy; and

    g.	whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

14. As observed by the Fifth Circuit, the "*Trejo* factors" enumerated above address all three aspects of the overriding analysis outlined by the Supreme Court in *Brillihart v. Excess Insurance Company of America*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942): federalism, fairness, and efficiency.

15. All three aspects of the *Trejo* test weigh against this court exercising its jurisdiction over this declaratory judgment case against Houston First:

    a.    federalism - the proper allocation of the decision making between state and federal court;

    b.    fairness - distinguishing between legitimate and improper reasons for forums selection; and

    c.    efficiency - avoidance of duplicative or piecemeal litigation where possible.

16. Accordingly, even if this Court has federal question subject-matter jurisdiction, the declaratory action is not moot, and this Court has authority to grant declaratory relief. This Court should exercise its discretion to decline jurisdiction and to dismiss this declaratory action.

17. As set forth more fully in the Memorandum of Law to be filed at a subsequent date, Houston First Corporation respectfully requests that the Court grant this Motion to Dismiss. In the alternative, Houston First Corporation respectfully requests that the Court abate or stay this case until resolution of the previously filed, parallel, and pending state court action against Houston First Corporation is concluded; and for such other and further relief as to which Houston First Corporation shows itself justly entitled.

Respectfully submitted,

**TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.**

*/s/   Mike Morris*
GREGORY A. HOLLOWAY
State Bar No. 24000502
Federal Bar No. 23034
gholloway@taylorbook.com
MICHAEL P. MORRIS
State Bar No. 14495800
Federal Bar No. 3740
mmorris@taylorbook.com
LEAH M. HOMAN
State Bar No. 24106109
Federal Bar No. 3438531
lhoman@taylorbook.com
1221 McKinney, Suite 4300
Houston, Texas 77010-2010
(713) 222-9542
(713) 655-7727- Fax
**ATTORNEYS FOR DEFENDANTS, HOUSTON FIRSTCORPORATION**

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of July, 2020, a true and correct copy of the foregoing instrument was served via electronic means through transmission facilities from the Court upon those parties authorized to participate and access the Electronic Filing System for the Southern District of Texas:

*/s/   Mike Morris*
Mike Morris